**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4037**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MARIO CLOTINHO GOMES,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:11-cr-00084-MR-DLH-1)

Submitted: February 27, 2015          Decided: March 16, 2015

Before KING, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Mario Clotinho Gomes of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2012), and two counts of wire fraud, in violation of 18 U.S.C. §§ 2, 1343 (2012). The district court sentenced him to 52 months' imprisonment, to be followed by three years' supervised release, and ordered him to pay restitution, jointly and severally with two coconspirators, in the amount of $878,000 to the victim of the offenses, Arthur Williams. On appeal, Gomes asserts that the evidence was insufficient, that he had a right to have the jury determine the amount of loss, and that the district court erred in imposing restitution. We affirm.

We review de novo the district court's denial of a Fed. R. Crim. P. 29 motion. United States v. Howard, 773 F.3d 519, 525 (4th Cir. 2014). We will sustain the jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Wynn, 684 F.3d 473, 477-78 (4th Cir. 2012) (discussing elements of wire fraud); United States v. Moussaoui, 591 F.3d 263, 296 (4th Cir. 2010) (setting forth elements of conspiracy). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's

2

guilt beyond a reasonable doubt." Howard, 773 F.3d at 525 (internal quotation marks omitted).

Gomes argues that there was insufficient evidence that he knowingly misrepresented the accuracy of the invoices through which the fraud was accomplished because there was no evidence he knew that the invoices were fraudulent. However, a coconspirator testified that Gomes knew the invoices were fraudulent. See United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997) (noting that uncorroborated testimony of single witness, even if witness is accomplice or codefendant, may be sufficient evidence of guilt). Moreover, other testimony disclosed that some of the work billed on the invoices was actually performed at Gomes' home.

Gomes also argues that there was insufficient evidence that his misrepresentations to Williams' business were material because the company did not pay the fraudulent invoices based on his approval alone, but also had the invoices verified by a consultant. However, the evidence demonstrated that Williams' business would not have made the payments had Gomes not indicated that they were proper. See Wynn, 684 F.3d at 479. Because Gomes' misrepresentations did, in fact, influence the payment of the fraudulent invoices, despite the additional level of review, we conclude that those statements were material. See

3

id. Thus, the district court did not err in denying Gomes' Rule 29 motion.

Next, Gomes argues that the district court violated his Sixth Amendment right to a jury trial by judicially finding the loss amount rather than by submitting this question to the jury. We conclude that the district court did not plainly err in this regard. See Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (discussing standard of review). It is well established that "[s]entencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as th[e] Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008). Contrary to Gomes' contentions, this rule did not change after the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151, 2163 (2013). See United States v. Valdez, 739 F.3d 1052, 1054 (7th Cir. 2014), cert. denied, 134 S. Ct. 2314 (2014).

Finally, Gomes asserts that the district court miscalculated the amount of restitution by including losses due to invoices that were submitted while Gomes was on vacation or after he was terminated from his employment with Williams' company, and by making Gomes jointly and severally liable for these amounts rather than attributing them solely to a

4

coconspirator. The Mandatory Victims Restitution Act of 1996 requires the district court to order restitution for all losses that result from a criminal scheme or conspiracy. 18 U.S.C. § 3663A(a)(1), (c)(1) (2012). "[E]ach member of a conspiracy [who] in turn causes property loss to a victim is responsible for the loss caused by the offense, not merely for the losses caused by a particular conspirator's overt acts." United States v. Seignious, 757 F.3d 155, 161 (4th Cir. 2014) (internal quotation marks omitted).

Contrary to Gomes' contention, Gomes' inability to continue helping the conspiracy after he was terminated did not end the conspiracy. United States v. Allmendinger, 706 F.3d 330, 341-42 (4th Cir. 2013), cert. denied, 133 S. Ct. 2747 (2013). This conspiracy directly caused all of Williams' losses from the fraudulent invoices. To the extent Gomes contends that the district court procedurally erred by not considering whether to apportion the loss solely to a coconspirator under 18 U.S.C. § 3664(h) (2012), we see no defect in the district court's analysis. Cf. United States v. Rivera-Santana, 668 F.3d 95, 105 (4th Cir. 2012) (noting that requirement that district court consider all 18 U.S.C. § 3553(a) (2012) factors does not require that it explicitly discuss each of them). Therefore, we conclude that the district court did not abuse its discretion in

crafting the restitution order.  <u>See</u> <u>United States v. Catone</u>, 769 F.3d 866, 875 (4th Cir. 2014) (stating standard of review).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>